**Carl STERN, Plaintiff,**

v.

**SMALL BUSINESS ADMINISTRATION, Defendant.**

**Civ. A. No. 80–0283.**

United States District Court, District of Columbia.

Dec. 23, 1980.

Diane B. Cohn, Katherine A. Meyer, Washington, D. C., for plaintiff.

John Polk, Asst. U. S. Atty., Eric S. Benderson, Chief Counsel, Sp. Litigation Section, Small Business Administration, Washington, D. C., for defendant.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

This matter is before the Court upon cross-motions for summary judgment filed by the parties. The parties' respective positions have been briefed extensively and the Court has heard the oral arguments of counsel.

In this action filed pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (1976) (FOIA) the plaintiff, a television journalist, seeks disclosure of the "Findings" section of a report on a civil rights compliance investigation made by the defendant Small Business Administration (SBA). The report, entitled "Complaint of Discrimination Against the Philadelphia Regional Office Region III and Central Office

8(a) Program Personnel (Andrulis Report), is the outgrowth of an investigation undertaken, at least initially, in response to an administrative complaint filed by Dr. Marilyn Andrulis with the SBA's Office of Equal Employment Opportunity and Compliance, claiming that her research firm was terminated from SBA's "8(a) program" as a result of discrimination on the basis of her race, sex and marital status. The record reflects that contemporaneously with the filing of the administrative complaint, Dr. Andrulis filed suit in this Court naming the SBA and eight individual SBA officials as defendants.[1] The SBA continued its investigation, in its words, "as an internal housekeeping matter pursuant to 15 U.S.C. § 633(b) and Section 105.301 of SBA Rules and Regulations, 15 C.F.R. 105.301 which provides that no employee in the conduct of official business shall grant preferential treatment to or discriminate against any person". It appears from the record that the report of the investigation was completed in October 1978 at which time it was reviewed by various officials within the Office of Equal Employment Opportunity and Compliance and transmitted to the SBA's Administrator. The Administrator delegated to the Deputy Administrator the responsibility for deciding the appropriate course of action based upon the report, its findings and recommendations. The Deputy Administrator referred the Andrulis Report to the General Counsel's Office for legal analysis. In a memorandum dated May 22, 1979, which is a part of the record before the Court, the General Counsel questioned certain procedural and methodological approaches taken by the investigators and recommended that the SBA take no further action in connection with the Andrulis Report. The SBA has not taken any further action in this matter.

The plaintiff began his efforts to obtain a copy of the Andrulis Report under the FOIA in 1979. His request and appeal[2] were denied by the SBA, which claimed the entire report was exempt from disclosure under Exemptions 5, 6, and 7(C) of the FOIA, 5 U.S.C. § 552(b)(5), (b)(6) and (b)(7)(C) (1976). This action was commenced in February 1980. In June 1980, defendant SBA released to the plaintiff the "Findings" section of the Andrulis Report, after deleting the names of specific SBA officials and references to those exhibits which refer to individual interviews. Thus, the issue before the Court is whether the names of the SBA officials and exhibit references by which they are identified are exempt from disclosure under the FOIA.

The defendant SBA claims that the deleted information is exempt from disclosure pursuant to Exemptions 6 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(6), (b)(7)(C) (1976). Exemption 6 authorizes the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy". The defendant contends that the investigation was undertaken as an internal housekeeping matter, and as such, was primarily a personnel matter and is part of a "personnel" file. Defendant further argues that the privacy interest claimed by the present and former SBA officials named in the report is clear, since revelation of their names would do irreparable harm to their personal and professional reputations by causing them to be effectively labelled as racists and sexists.[3] Thus, defendant contends that the Court must balance the privacy interest against the public interest in disclosure, and tip that balance in defendant's favor since the inherent flaws in the Andrulis Report and the SBA's rejection of it would make disclosure

---

1. In that action, *Andrulis v. United States, et al.*, Civil Action No. 77–1936, Dr. Andrulis sought reinstatement in the 8(a) program and civil damages. The lawsuit was subsequently settled pursuant to a consent order issued by Judge Gesell on March 8, 1978.

2. Plaintiff narrowed his request to seek only the "Findings" of the Andrulis Report.

3. The "Findings" portion of the Andrulis Report concludes that "the evidence obtained during interviews with SBA officials and from the SBA files of companies approved for the 8(a) Program by the Washington District Office substantiates the allegation that Dr. Andrulis was discriminated against on the basis of her race, sex and marital status".

of the names of the SBA officials involved, a clearly unwarranted invasion of their personal privacy.

Exemption 7(C) of the FOIA allows for nondisclosure of "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... constitute an unwarranted invasion of personal privacy". To support the use of this exemption defendant asserts that the subject investigation was continued even after a lawsuit was filed, to determine if particular past and present SBA officials involved in the 8(a) program discriminated against the complainant, and if so, to recommend corrective action. Defendant argues that the Court in *Rural Housing Alliance v. United States Department of Agriculture*, 162 U.S.App. D.C. 122, 498 F.2d 73 (1974) held that a law enforcement purpose can exist where the investigation was begun in order to determine whether or not an enforcement proceeding should be brought, irrespective of whether enforcement was ultimately attempted, and defendant urges that the investigation at issue was of the type contemplated in that case. Finally, defendant maintains that to disclose the identities of the individual officials under circumstances where the report was never adopted by the SBA because of flaws in its compilation, and where the entire "Findings" have been disclosed, would not serve the public interest and would do irreparable damage to the reputations and careers of these officials, posing an unwarranted invasion of their personal privacy.

In opposition to defendant's motion for summary judgment and in support of his cross-motion for summary judgment plaintiff contends that both of the exemptions claimed by defendant are inapplicable to the information sought in this case. Plaintiff argues that defendant cannot meet the first requirement of Exemption 6 because the withheld information is not a personnel or similar file within the meaning of that exemption. Citing *Board of Trade of the City of Chicago v. Commodity Futures Trading Commission*, 200 U.S.App.D.C. 339, 627 F.2d 392 (1980), plaintiff asserts that

defendant does not seek to protect the SBA officials from public disclosure of any "intimate details" of their personal lives, but instead seeks to insulate them from public criticism of their performance of their official duties. Plaintiff also argues that since the identification of certain SBA officials relates to a matter affecting the conduct of official government business, any privacy element here is minimal at best and is overriden by the substantial public interest involved in the subject matter. Plaintiff also argues that defendant's justification for nondisclosure of the deleted information, pursuant to Exemption 7(C) is misplaced, stating that the exemption does not apply to information compiled simply to determine whether an agency's internal operations comport with a statute or regulation, and that defendant makes no showing that it is a law enforcement agency or that the "Findings" were compiled for any concrete law enforcement proceeding. Moreover, plaintiff submits, defendant cannot demonstrate that disclosure of the withheld information would constitute an unwarranted invasion of privacy, and any privacy interest at stake is outweighed by the public interest in disclosure. Finally, plaintiff argues that there is nothing in the record to support defendant's discounting of the "Findings", since the record shows the investigation was properly conducted, and defendant cannot base its arguments for nondisclosure upon an unfounded attack on the validity of the report.

Upon consideration of the defendant's motion for summary judgment, the plaintiff's opposition thereto and the entire record before the Court, the Court finds that the defendant SBA has failed to meet its burden of showing there is no dispute as to any material fact and that, as a matter of law, the information sought by plaintiff is exempt from disclosure under Exemptions 6 and 7(C) of the FOIA.

█ In order for an agency to justify nondisclosure under Exemption 6, it must first establish that the requested information is in fact properly classified as a "per-

sonnel", "medical" or "similar" file. Next, the agency must show that release of the withheld document would violate substantial privacy interests of those involved. If these burdens are met the agency must demonstrate that upon balancing the interests, the substantial interest in personal privacy is not outweighed by the public interest in disclosure. *Sims v. CIA*, 642 F.2d 562 at 573 (D.C. Cir., 1980); *Department of Air Force v. Rose*, 425 U.S. 352, 373, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976), citing *Getman v. NLRB*, 450 F.2d 670, 674–677 (D.C. Cir. 1971). The defendant SBA has failed to meet its burden with respect to the first consideration, and has not demonstrated that the information sought by plaintiff is or is included in a personnel, medical, or similar file.

The Court of Appeals in this Circuit has stated that the purpose of Exemption 6 is to "protect individuals from public disclosure of intimate details of their lives, whether the disclosure be of personnel files, medical files, or other similar files". *Board of Trade of City of Chicago v. Commodity Futures Trading Commission, supra*, 627 F.2d at 399, quoting *Rural Housing Alliance v. United States Department of Agriculture, supra*, 162 U.S.App. at 126, 498 F.2d at 77. Thus, the Court in *Rural Housing* considered Exemption 6 to be applicable to information which disclosed marital status, legitimacy of children, identity of fathers of children, medical condition, welfare payments, alcoholic consumption, family fights, and reputation. Although the opinion in *Rural Housing* stated that the exemption "is phrased broadly to protect individuals from a wide range of embarrassing disclosures," 162 U.S.App. at 126, 498 F.2d at 77, "the context makes clear the Court's recognition that the disclosures with which the statute is concerned are those involving matters of an intimate personal nature" *Sims v. CIA, supra*, 642 F.2d at 574. Furthermore, the decisions of this court have established that information connected with professional relationships does not qualify for the exemption. *Id.*, 642 F.2d at 574.

The defendant SBA attempts to support its arguments as to Exemption 6 by stating that the underlying investigation was conducted as an "internal housekeeping matter", that it was a personnel matter, and that the information is part of a personnel file, since personnel action against government officials is involved. The defendant has failed to produce sufficient evidence to support these contentions, and instead refers to the May 22, 1979, memorandum of the General Counsel, in which the investigation is characterized as a personnel matter. There is nothing in the record upon which to determine if the results of the investigation are contained in the personnel files of the SBA officials involved. Moreover, even if the defendant demonstrated that the results of the investigation and/or the Andrulis Report are contained in the personnel files of the involved officials, the type of information defendant seeks to withhold is not of the type protected by Exemption 6. The withheld information associates the unnamed SBA officials with business of the agency, and not with any intimate details or other aspects of their personal lives.

The defendant SBA has not asserted that the information withheld is part of "similar files" within the meaning of Exemption 6, and has failed to meet its burden of demonstrating that the information is or is contained in personnel files. Even if it had met its burden on this point, the Court would be inclined to deny the nondisclosure under Exemption 6, since the actions investigated and reported were carried out in the official capacities of the SBA personnel, and any privacy interest that may be involved would appear to be outweighed by the public interest in disclosure of such information.

 The defendant SBA has also failed to carry its burden of demonstrating that the information sought by plaintiff is part of an investigatory record compiled for law enforcement purposes, the disclosure of which would constitute an unwarranted invasion of personal privacy. "The threshold inquiry regarding any document for which a section (b)(7)(C) exemption is claimed is whether such document has been shown to

be an investigatory record, which was 'compiled for law enforcement purposes' ", *Abramson v. FBI*, No. 79–2500 (D.C. Cir., October 24, 1980), slip opinion at 11. Any consideration of whether disclosure would constitute an "unwarranted invasion of personal privacy" is premature until the documents in issue have been shown by the Government to be investigatory records which were compiled for law enforcement purposes. *Id*, slip opinion at 11–12. To support its claim as to the applicability of Exemption 7 defendant relies almost exclusively on the decision in *Rural Housing*. Defendant argues that its Administrator has the power to order investigations of the type at issue, to enforce its rules and regulations prohibiting discrimination by its employees in the conduct of official business, and that this investigation was of the type contemplated in *Rural Housing*.

This Court is not persuaded by defendant's conclusory statements, totally unsupported by concrete evidence, that the Andrulis Report is the result of an investigation undertaken for a law enforcement purpose. First, defendant more or less concedes that the investigation began in response to the administrative complaint filed by Dr. Andrulis. Defendant argues however, that the investigation continued after suit was filed, as an "internal housekeeping matter". SBA mentions certain officials involved in the determination that the investigation should continue, but has failed to supply the Court with affidavits or other evidence tending to demonstrate that as a matter of fact, a law enforcement purpose was intended. Although the SBA relies on *Rural Housing*, defendant has failed to discern the salient points made by the court in that case, which are applicable to the instant matter:

> For the purpose of analyzing the application of Exemption 7 in the instant and similar cases, it is therefore necessary to distinguish two types of files relating to government employees: (1) government surveillance or oversight of the performance of duties of its employees; (2) investigations which focus directly on specifically alleged illegal acts, illegal acts of

particular identified officials, acts which could, if proved, result in civil or criminal sanctions. *Id*, 162 U.S.App. at 130, 498 F.2d at 81.

The court continued, stating:

> The purpose of the investigatory files is thus the critical factor . . . . If the purpose of the investigation was to consider an action equivalent to those which the Government brings against private parties, thus demonstrating that the 'law enforcement purpose' was not customary surveillance of the performance of duties by government employees, but an inquiry as to an identifiable possible violation of law, then such inquiry would have been 'for law enforcement purposes', whether the individual were a private citizen or a government employee. *Id*, 162 U.S.App. at 131, 498 F.2d at 82.

The SBA has failed to show that there is a distinction to be made between the type of investigations it conducts routinely, 25 percent of which it states over the last twelve years have resulted in corrective action, and the investigation conducted in the Andrulis matter. The SBA characterizes this investigation as an internal housekeeping and personnel matter, designed to result in "corrective action" if appropriate, yet argues that there was a law enforcement purpose intended. The May 22, 1979, memorandum of the SBA General Counsel upon which defendant relies so heavily, addresses only the sanction of disciplinary action against SBA employees in the event the Andrulis Report were adopted. Internal disciplinary and corrective measures against government employees are not actions equivalent to those which the Government may bring against private parties, as contemplated in *Rural Housing*. Based upon the foregoing, the Court finds that defendant SBA has not met its burden of proving that the Andrulis Report is an investigatory record compiled for law enforcement purposes, and has thus failed to demonstrate, as a matter of law, that Exemption 7(C) applies to the information it withholds from the plaintiff. Accordingly, the defendant's motion for summary judgment is denied with respect to Exemption 7(C).

Having concluded that defendant has not met its burden of demonstrating that the information withheld meets the threshold requirement to invoke Exemption 7(C), the Court need not inquire further. However, the Court notes that the defendant has failed to demonstrate that the disclosure of the names of the SBA officials would result in an unwarranted invasion of personal privacy and that any privacy interest at stake outweighs the public interest in disclosure. The defendant rests its arguments as to these inquiries on its assertions that the investigation and resulting report are tainted by the improper methods used and assumptions made by the investigators. The memorandum of the General Counsel upon which the SBA relies, does not appear to be as strongly supportive of these arguments as the defendant would make it. Moreover, plaintiff has produced evidence tending to support the validity of the investigation and this evidence at the very least, raises a genuine dispute as to this fact, although the Court is not persuaded that it is a material fact. The defendant has not produced any other evidence in support of the privacy claim. Finally, assuming *arguendo* there is a valid privacy interest at stake, the Court is not convinced by the record before it that this privacy interest outweighs the public interest, as asserted by the plaintiff, in the performance by public officials in their official duties and capacities.

The Court does find that plaintiff has met his burden of proving that there is no genuine issue of material fact, and as a matter of law, he is entitled to summary judgment. Construing the facts in a light most favorable to the defendant, the Court finds as an undisputed fact that the information sought by plaintiff is not and is not contained in "personnel", "medical", or "similar" files, and as a matter of law, the information is not exempt from disclosure pursuant to Exemption 6 of the FOIA. Further, the Court finds it is undisputed that the Andrulis Report and its "Findings" are not investigatory records compiled for law enforcement purposes, and thus the information contained therein is not shielded from disclosure to the plaintiff under Exemption 7(C) of the FOIA.